**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim D Smith, | No. CV-19-02707-PHX-DJH |
| Appellant, | **ORDER** |
| v. | |
| Barbara Louise Braden, | |
| Appellee. | |

This matter is before the Court on appeal from the United States Bankruptcy Court for the District of Arizona (the "bankruptcy court"). This Appeal arises from the Bankruptcy Court's denial of a homestead exemption for Barbara Louise Braden (the "Debtor"), which was not contested by the Chapter 7 Trustee appointed to administer her estate, Jim Smith (the "Trustee"). (Doc. 1).

The Trustee has filed an Opening Brief, to which the Debtor has not responded. (Doc. 9). An Order to Show Cause was issued to the Debtor, setting a deadline by which she could appear in this matter. (Doc. 11). She did not respond. As this is an appeal of a bankruptcy court decision regarding her estate, the Court may not proceed to grant the relief requested by the Trustee by default. Therefore, the Court must analyze the merits of the Trustee's arguments without the benefit of a Response.

**I.  Background**

Debtor filed a voluntary Chapter 7 Bankruptcy on April 8, 2011. (Doc. 1). On March 15, 2019, the Trustee filed an "Application for Entry of Order Allowing Debtor's

Claim of Homestead Exemption" (the "Application") with the bankruptcy court. (*Id.*) In accordance with Bankruptcy Code, the Trustee sent notice of the Application to all (more than 50) of Debtor's Creditors and other interested parties. (Doc. 10 at 9). The bankruptcy court received no objections to the allowance of the homestead exemption and the Trustee filed a report of no objection with the bankruptcy court. On April 18, 2019, the bankruptcy court denied the Application. (Doc. 1 at 7). The order entered by the bankruptcy court is actually the same proposed order submitted by the Trustee with language seeking to *grant* the Application. (*Id.*) However, the word "DENIED" appears on top of the text of the Order, and is followed by a single explanatory sentence, "11 U.S.C. section 522(g) precludes the debtor from asserting a homestead exemption in this case." (*Id.*) The Trustee appeals the bankruptcy court's denial of the Application.

## II.     Standard of Review

An order "denying a claim of exemption finally determines the discrete matter to which it was addressed, determines and seriously affects substantial rights and can cause irreparable harm if the losing party must wait until bankruptcy proceedings terminate before appealing." *In re Gilman*, 887 F.3d 956, 961 (9th Cir. 2018). Therefore, an order denying a claim of exemption is an order that may be appealed to the district court. *Id.*

In appeals of bankruptcy decisions, the court reviews the "issue of a debtor's intent, along with other factual findings, for clear error." *Id.* at 964. "Factual findings are clearly erroneous if illogical, implausible or without support in the record." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010). "Whether property is included in a bankruptcy estate is a question of law . . . subject to de novo review." *In re Smith*, 342 B.R. 801, 805 (B.A.P. 9th Cir. 2006).

## III.    Homestead Exemption

The commencement of a bankruptcy case creates an estate comprised of all legal and equitable interests in property, including potentially exempt property, of the debtor. 11 U.S.C. § 541. When a debtor files a bankruptcy petition, all of his assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to

reclaim specified property as exempt. *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). A debtor in bankruptcy is entitled to exempt certain assets from the estate, and one of those exemptions is the homestead exemption. 11 U.S.C. § 522. This means that a certain amount of the equity in the debtor's home will be kept by the debtor and is not subject to creditors. This longstanding exemption exists so that a debtor can exit bankruptcy and start anew and "to ensure that debtors and their families do not become homeless." *In re Jacobson*, 676 F.3d 1193, 1200 (9th Cir. 2012). Arizona has elected to "opt out" of the federal exemption scheme and create its own exemption statute; therefore, Arizona law governs homestead exemptions. A.R.S. § 33–1133.

A claimed homestead exemption is "presumptively valid." *In re Carter*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). Once an exemption has been claimed, any party objecting to the exemption "has the burden of proving that the exemptions are not properly claimed." *In re Davis*, 323 B.R. 732, 736 (9th Cir. B.A.P. 2005). "If the objecting party produces evidence to rebut the presumptively valid exemption, the burden of production then shifts to the debtor to produce unequivocal evidence to demonstrate the exemption is proper. The burden of persuasion, however, always remains with the objecting party." *In re Elliott*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014).

A trustee or creditor may object to a debtor's proposed homestead objection pursuant to one of the reasons listed in 11 U.S.C. § 522(g). "The purpose of § 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary, or where the transfer or property interest was concealed." *In re Glass*, 60 F.3d 565, 568–69 (9th Cir. 1995). This includes situations where a debtor "fraudulently transferred property and then was not honest in reporting his assets or prepetition transfers." *Id.* Importantly, Section "522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt." *Law v. Siegel*, 571 U.S. 415, 423–24 (2014).

**IV.  Analysis**

This case presents a rather straightforward issue, but in an interesting posture. The Trustee argues that the bankruptcy court erred in denying Debtor's requested homestead exemption. (Doc. 9). Usually, if a homestead exemption is denied, it is because a Trustee or a creditor is objecting to the exemption for one of the reasons listed in Section 522(g). *See In re Elliott*, 523 B.R. 188. Here, however, after notice and an oppourtunity to respond, there were no objections from any creditor and no objections from the Trustee. (Doc. 10 at 5). In fact, the Trustee provided the Court with a "report of no objection and request for entry of order," along with a proposed order *to grant* Debtor a homestead exemption. (Doc. 10 at 10) (emphasis added). Nonetheless, the bankruptcy court denied the exemption. It does not appear that a hearing was held, and the only record this Court has of the denial is the single page order stating that "11 U.S.C. section 522(g) precludes the debtor from asserting a homestead exemption in this case." (Doc. 1 at 7).

As the bankruptcy court's order does not explain the basis for denying the order, the Court does not have adequate information to conclude whether the homestead exemption was properly denied or whether, as the Trustee argues, the Debtor is entitled to her statutory homestead exemption. It is clear from the record that there were no objections to the entry of Debtor's exemption, yet, the Court may have had independent grounds to deny it. However, those grounds are not articulated with specificity and the Debtor was not given the oppourtunity to meet her burden of producing "unequivocal evidence to demonstrate the exemption is proper," because the exemption was denied without briefing or argument. *In re Elliott*, 523 B.R. at 192. Therefore, the Court finds that the bankruptcy court's denial was done "without support in the record." *In re Retz*, 606 F.3d at 1196. For the reasons set forth above, the bankruptcy court's order denying the Trustee's unopposed Application for entry of Debtor's claimed homestead exemption is vacated, and the case is remanded to the bankruptcy court for a determination of whether Debtor is entitled to a homestead exemption.

Accordingly,

**IT IS HEREBY ORDERED** that the Order of the Bankruptcy Court denying Debtor's homestead exemption is **vacated and remanded** for determination of whether Debtor is entitled to a homestead exemption.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and dismiss this action.

Dated this 23rd day of July, 2020.

Honorable Diane J. Humetewa
United States District Judge